JOHN JOSEPH CIMINO *v.* CARL ROBINSON, WARDEN
(SOMERS CORRECTIONAL INSTITUTION)
(3276)

DUPONT, C. J., BORDEN and BIELUCH, Js.

Argued January 10—decision released April 8, 1986

*Joan A. Leonard,* assistant public defender, with whom was *Denise Drager,* assistant public defender, for the appellant (petitioner).

*Walter D. Flanagan,* state's attorney, with whom, on the brief, was *Brian E. Cotter,* assistant state's attorney, for the appellee (respondent).

BIELUCH, J. This is an appeal by the petitioner from the trial court's denial of his petition for a writ of habeas corpus. The writ, if granted, would have resulted in his immediate release from the Somers Correctional Institution. We conclude that the action of the court was correct.

The petitioner was arrested on August 18, 1981, and charged with arson in the third degree, in violation of General Statutes § 53a-113, and burglary in the third degree, in violation of General Statutes § 53a-103. He pleaded not guilty to both counts in the mistaken belief that each charge was a class D felony, carrying a sentence of imprisonment for a term not exceeding five years, or a combined maximum of ten years imprisonment if the sentences were to run consecutively. General Statutes § 53a-35a. This erroneous assumption with regard to his possible maximum sentence was the result of an admitted mistake made by his trial counsel. Counsel had obtained his information regarding the applicable sentences from a recently outdated volume of the General Statutes. Hence, he failed to discover that arson in the third degree, § 53a-113, had been amended by Public Acts 1979, No. 79-570, § 5, to increase its classification for the purposes of sentence from a class D felony to a class C felony. The maximum prison sentence for a class C felony is ten years. General Statutes § 53a-35a (5). Thus, the maximum combined sentence to which the petitioner was in fact exposed was fifteen, not ten years.

After a jury trial, the petitioner was found guilty of both charges. He was sentenced to ten years imprisonment, execution to be suspended after seven years, with probation thereafter for a period of five years for his conviction of arson in the third degree, and to five years imprisonment for the conviction of burglary in the third degree, the two sentences to run concurrently for a total effective sentence of ten years, execution to be

suspended after seven years, and probation thereafter for five years. It was at his sentencing that the petitioner first discovered his counsel's misinformation concerning the maximum penalty for arson in the third degree. Notwithstanding the wrong ceiling on his maximum effective sentence, the petitioner received a term of imprisonment three years less than what he was informed was possible if convicted of both crimes.

In his petition, the petitioner claimed that he was denied effective assistance of counsel because of the mistaken advice he received from his attorney which prevented him from making an informed and intelligent decision regarding whether to plea bargain in exchange for the state's recommendation of a two year sentence, or to risk trial. The trial court concluded that the erroneous advice did not prejudice the petitioner in any way since "[t]he sentence received was [three years] less than that which the petitioner was advised he could receive, albeit mistakenly." Additionally, it held that, from the evidence presented, "the court cannot conclude that the petitioner was represented by incompetent counsel." The petitioner claims on appeal that the court erred (1) in its conclusion that his decision to plead not guilty was sufficiently intelligent and informed, and (2) in permitting his trial counsel to express an opinion as to whether the petitioner would have elected to go to trial had he known of the correct exposure to sentence after trial. We find no error.

With regard to the petitioner's first claim, the sentence imposed was three years shorter than the maximum sentence which he admits that he had been willing to risk all along. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. . . . The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reli-

ance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Strickland* v. *Washington,* 466 U.S. 668, 691, 104 S. Ct. 2052, 80 L. Ed. 2d 674, 696, reh. denied, 467 U.S. 1267, 104 S. Ct. 3562, 82 L. Ed. 2d 864 (1984). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., 698. The trial court found that the petitioner did not prove either that his counsel was ineffective or that he was prejudiced by trial. Even if we assume without deciding that the trial court was incorrect as to the denial to the petitioner of effective assistance of counsel, we cannot disturb its finding that the erroneous advice did not prejudice the petitioner.

Although the petitioner was unwittingly exposed to the greater risk of being sentenced to a maximum of fifteen years imprisonment on the two charges, rather than the ten years which he was told was the maximum, the trial court did not find that, but for the error, the result would have been different. First, there was no finding or evidence that, had he accepted the state's offer of a two year maximum sentence, the court would have accepted the plea bargain and imposed that sentence. Second, the petitioner expected concurrent sentences on the two charges against him, since these were his first felony offenses, but he knowingly risked that his sentences might run consecutively for a maximum of ten years even based only on the mistaken information. He gambled on a trial. He rolled the dice, hoping for less than the offered recommendation of two years against the odds of a possible ten years, but he did not lose all that he risked, for in fact he received a total effective sentence of ten years, execution suspended after seven years, and probation for five years. With

hindsight, he now seeks to recall his gamble by placing the onus on counsel who in no way prejudiced him. He cannot now be heard to say that his miscalculation of the odds without any resulting loss should permit him to retract his pleas of not guilty. The error was solely his in not recognizing the "bargain" offered him in the plea bargain negotiations, for he, and not his attorney, took the risk of its refusal.

The petitioner relies upon a battery of case authorities including, among others, *State* v. *James,* 197 Conn. 358, 497 A.2d 402 (1985); *Buckley* v. *Warden,* 177 Conn. 538, 418 A.2d 913 (1979); *State* v. *Collins,* 176 Conn. 7, 404 A.2d 871 (1978); and *State* v. *Schaeffer,* 5 Conn. App. 378, 498 A.2d 134 (1985), in support of his argument that the accused must be informed of, and fully understand, the potential sentence facing him when making his plea of not guilty and electing to be tried. Those cases, however, are not relevant to the present issue. Each of them involved the defendant's decision to plead guilty or nolo contendere knowingly and voluntarily under Practice Book §§ 708 through 718. Practice Book § 711 provides that "[t]he judicial authority shall not accept the plea [of guilty or nolo contendere] without first addressing the defendant personally and determining that he fully understands: . . . (4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction . . . ." In such case, the plea of guilty or nolo contendere itself is the basis for the defendant's conviction and the resulting sentence. The focus of those cases is that an accused's right to trial should not be compromised by his failure to be fully informed and to understand the factors to be weighed in deciding to plead guilty, and thus waive the constitutional rights

associated with his right to trial. Those concerns, however, are not involved where, as here, the petitioner's decision has not been to forego his right to trial, but rather to exercise that right. In the present case, the petitioner elected to stand on his right to trial. He did not waive his rights "to plead not guilty or to persist in that plea if it has already been made . . . to be tried by a jury or a judge . . . to the assistance of counsel . . . to confront and cross-examine witnesses against him, and [his] right not to be compelled to incriminate himself." Practice Book § 711 (5). His authorities are inapposite to the facts and issue before the court, as is his claim which is based upon them.

With regard to his second claim of error, the petitioner asserts that the court erred in permitting counsel to state his opinion regarding whether correct information as to the maximum sentence on the arson charge and the combined charges would have caused or induced the petitioner to plead differently. The petitioner's objection to this testimony is essentially that "[t]he court thus allowed a nonexpert witness to give an opinion in response to a hypothetical question."

Such an opinion, based on personal observation, is not objectionable. Counsel opined that "[the petitioner] appeared very adamant in wanting to proceed with the trial." "It is permissible to admit into evidence the 'opinions of common observers in regard to common appearances, facts and conditions . . . in a great variety of cases.' . . . [A]lthough '[t]o render opinions of common witnesses admissible it is indispensable that the opinions be founded on their own personal observation, and not the testimony of others, or on any hypothetical statement of facts, as is permitted in the case of experts.' " (Citations omitted.) *State* v. *Schaffer,* 168 Conn. 309, 318–19, 362 A.2d 893 (1975). Indeed, it has been held that some emotions can only be observed through circumstances so numerous and com-

plicated that "only an opinion or impression may reasonably describe [them]." *State* v. *Palozie,* 165 Conn. 288, 299, 334 A.2d 468 (1973). The court in the exercise of its discretion could properly allow such opinion testimony. Id. In the present case, the trial attorney observed and talked to the petitioner as he faced these charges. Counsel was deeply involved in the petitioner's defense and decision regarding his pleas. The factors which the petitioner balanced and his attitude toward the plea decision facing him were well within the observation of his attorney who was retained to counsel, advise, represent and defend him against his criminal charges.

There is no error.

In this opinion the other judges concurred.