ERIC J. GREENE *v.* COMMISSIONER
OF CORRECTION
(AC 31365)

Bear, Espinosa and Bishop, Js.

Argued September 13—officially released October 18, 2011

*Deren Manasevit*, special public defender, for the appellant (petitioner).

*Mitchell S. Brody,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *David Clifton,* deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Eric J. Greene, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and improperly rejected his claim that one of his trial attorneys, Glenn Falk, had provided ineffective assistance of counsel. He argues on appeal that Falk provided ineffective assistance during plea negotiations and that he failed to tell the petitioner to accept the state's initial plea offer, with a definite sentence, and, instead, permitted him to enter an open plea, i.e., a plea without an agreed on sentence. He requests on appeal that we vacate his sentence and permit him to accept the original plea offer or, in the alternative, that we vacate his convictions and remand the matter for a new trial.[1] We dismiss the appeal.

Although the petitioner raised claims of ineffective assistance of counsel in his amended habeas petition, a thorough review of that petition reveals no claim that Falk had been ineffective for failing to tell the petitioner to accept the state's initial plea offer. Even if we read the petition broadly, we are unable to ascertain the existence of such a claim.[2] Furthermore, it is clear that although the habeas court considered whether Falk had provided ineffective assistance and found that the

---

[1] In his amended habeas petition, the petitioner asked only that his cases be restored to the Superior Court docket.

[2] During oral argument before this court, the petitioner's attorney was asked where in the amended petition such a claim was located. She responded that the only allegation reasonably related to the claim on appeal was the allegation that "Falk led the petitioner to believe that his sentence on July 14, 2006, would not exceed ten years to serve." Counsel could point to no other allegation, nor have we found one.

petitioner had failed to prove such a claim, it did not consider whether Falk had an affirmative obligation to tell the petitioner to accept the state's plea offer. Our own review of the record reveals no error in the court's decision. We have carefully reviewed the record and briefs, and, after considering the oral arguments of counsel, we conclude that the petitioner has failed to demonstrate that the court abused its discretion in denying his petition for certification to appeal.

Furthermore, it is axiomatic that a petitioner is bound by his petition. "It is well settled that [t]he petition for a writ of habeas corpus is essentially a pleading and, as such, it should conform generally to a complaint in a civil action. . . . The principle that a plaintiff may rely only upon what he has alleged is basic. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. . . . While the habeas court has considerable discretion to frame a remedy that is commensurate with the scope of the established constitutional violations . . . it does not have the discretion to look beyond the pleadings and trial evidence to decide claims not raised." (Internal quotation marks omitted.) *Abdullah* v. *Commissioner of Correction*, 123 Conn. App. 197, 202, 1 A.3d 1102, cert. denied, 298 Conn. 930, 5 A.3d 488 (2010). Having not raised this issue before the habeas court, the petitioner is barred from raising it on appeal. "This court is not bound to consider claimed errors unless it appears on the record that the question was distinctly raised . . . and was ruled upon and decided by the court adversely to the [petitioner's] claim. . . . This court is not compelled to consider issues neither alleged in the habeas petition nor considered at the habeas proceeding . . . ." (Internal quotation marks omitted.) *Satchwell* v. *Commissioner of Correction*, 119 Conn. App. 614, 619, 988 A.2d 907, cert. denied, 296 Conn. 901, 991 A.2d 1103 (2010). We conclude, therefore, that the petitioner has failed to demonstrate that the habeas court abused its discretion in denying his petition for

certification to appeal. The petitioner has not shown that the issues involved in his appeal are debatable among jurists of reason, that a court could resolve them in a different manner or that the questions raised deserve encouragement to proceed further. See *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994).

The appeal is dismissed.