# DARIO BERTOTTI *v.* COMMISSIONER
# OF CORRECTION
# (AC 31993)

Gruendel, Beach and Flynn, Js.

Argued April 16—officially released June 26, 2012

*David B. Rozwaski*, special public defender, for the appellant (petitioner).

*Timothy F. Costello,* assistant state's attorney, with whom, on the brief, were *Gail P. Hardy,* state's attorney, and *Kelly A. Masi,* assistant state's attorney, for the appellee (respondent).

*Opinion*

FLYNN, J. The petitioner, Dario Bertotti, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims the court (1) abused its discretion in denying his petition for certification to appeal and (2) committed error in denying his petition for a writ of habeas corpus. In support of his second claim, the petitioner alleges that his court-appointed counsel, Claud Chong, was ineffective. We dismiss the petitioner's appeal.

The following facts and procedural history inform our review. It is not disputed that the petitioner robbed a New Alliance bank in Wethersfield in 2004. After a jury trial, he was found guilty of robbery in the second degree in violation of General Statutes § 53a-135 (a) (2) and larceny in the third degree in violation of General Statutes § 53a-124 (a) (2). He was sentenced to twelve years to serve followed by two years of special parole. He did not file a direct appeal. He asked for review of the sentence before the sentence review division of the Superior Court, but received no relief. The petitioner then filed this petition. It arises out of a claim of ineffective assistance of trial counsel, which he claims led to his rejection of a plea offer of eight years imprisonment. The habeas court heard testimony from Chong offered by the respondent, the commissioner of correction, and from the petitioner, his sister and a social worker experienced with drug abuse. The court found Chong's version of events credible and denied the petition. The

court also denied the petitioner's request for certification to appeal. This appeal followed.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). "A petitioner may establish an abuse of discretion by demonstrating that the issues are debatable among jurists of reason . . . [the] court could resolve the issues [in a different manner] . . . or . . . the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 564, 941 A.2d 248 (2008), quoting *Lozada* v. *Deeds*, 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria identified in *Lozada* and adopted by this court for determining the propriety of the habeas court's denial of the petition for certification. Absent such a showing by the petitioner, the judgment of the habeas court must be affirmed." *Taylor* v. *Commissioner of Correction*, 284 Conn. 433, 449, 936 A.2d 611 (2007).

In reviewing a habeas appeal, we cannot disturb the facts found by the habeas court unless they are clearly

erroneous. Our review of whether the facts found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of his legal counsel, however, is plenary. See *Phillips* v. *Warden*, 220 Conn. 112, 131, 595 A.2d 1356 (1991).

"A habeas petitioner can prevail on a constitutional claim of ineffective assistance of counsel [only if he can] establish both (1) deficient performance, and (2) actual prejudice. . . . For ineffectiveness claims resulting from guilty verdicts, we apply the two-pronged standard set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Levine* v. *Manson*, 195 Conn. 636, 639–40, 490 A.2d 82 (1985)." *Ricks* v. *Commissioner of Correction*, 98 Conn. App. 497, 502, 909 A.2d 567 (2006), cert. denied, 281 Conn. 907, 916 A.2d 49 (2007). "Under *Strickland*, it is not sufficient to find that counsel rendered ineffective assistance; rather, the court also must find that the petitioner was prejudiced by that action. To satisfy *Strickland* . . . the petitioner [must] show that he would have accepted the offer and that the court would have rendered judgment in accordance with that offer. See *Cimino* v. *Robinson*, 6 Conn. App. 680, 683, 507 A.2d 486, cert. denied, 200 Conn. 802, 509 A.2d 517 (1986)." *Sanders* v. *Commissioner of Correction*, 83 Conn. App. 543, 552, 851 A.2d 313, cert. denied, 271 Conn. 914, 859 A.2d 569 (2004); see *Missouri* v. *Frye*,      U.S.    , 132 S. Ct. 1399, 1409, 182 L. Ed. 2d 379 (2012). We now examine the petitioner's underlying claims of ineffective assistance of counsel to determine whether the court abused its discretion in denying the petition for certification to appeal.

The petitioner's claims, as to the eight year plea offer and filing of a direct appeal, depend entirely on the habeas court's determinations on credibility to which, on appeal, we defer.

We first turn to the petitioner's claim that the habeas court committed error in denying his writ of habeas corpus. The petitioner claims that he received constitutionally ineffective counsel from Chong arising out of (1) rejection of a favorable plea offer, (2) failing to perfect and file a direct appeal on the petitioner's behalf and (3) failing to present evidence from his social worker concerning an intoxication defense arising out of the petitioner's drug dependency.

We next address the petitioner's claim that Chong's rejection of a favorable plea offer constituted ineffective assistance of counsel. The court found that it was the petitioner who rejected the offer and that the case against the petitioner was strong. He admitted to police that he had robbed the bank with a gun, directed them to the place where he had secured some of the cash taken and was shown on surveillance tapes committing the robbery. Chong testified before the habeas court that he communicated to the petitioner the state's plea offer of eight years incarceration on a split sentence, but that the petitioner rejected this offer claiming, inter alia, that he should receive no more than five years because of his cooperation with the police and that he hoped for a better sentence after trial. The court believed Chong, despite the petitioner's contrary testimony and that of his sister, who both claimed that Chong recommended rejecting the plea offer. The court found that the petitioner, contrary to Chong's advice that the state had a strong case and that the petitioner should accept the state's offer, rejected the state's eight year pretrial offer. In view of the habeas court's factual findings, which the petitioner has not shown to be clearly erroneous, we reject this claim.[1]

---

[1] The United States Supreme Court decided two cases concerning ineffective assistance of counsel while this appeal was pending. We think that neither case should alter the court's judgments. *Missouri* v. *Frye*, U.S. , 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012), determined that defense counsel must meet responsibilities in the plea bargain process to render the adequate assistance of counsel that the sixth amendment requires at a

The petitioner's second claim that Chong was ineffective in not perfecting a direct appeal also fails. The habeas court rejected this claim also based on its credibility finding, to which we defer. The court found that it was the petitioner who rejected Chong's advice to accept the eight year offer and go to trial. The court found that, after the petitioner's conviction, it was the petitioner who decided not to take a direct appeal about which he had been advised. It further found that Chong fully advised the petitioner of his right to take an appeal and also specifically found that it was the length of the sentence that was of concern to the petitioner, not the fact that he was found guilty. Finally, the court found that it was the petitioner who decided to forgo an appeal and resort only to sentence review. The habeas court was entitled to credit Chong's testimony and reject that of the petitioner and his sister. Accordingly, this claim also is without merit.

The petitioner further claims that Chong failed to investigate adequately a defense of intoxication and to present social worker Keith Osborne's testimony in support of that defense. We disagree with the petitioner. Intoxication is not a defense to a criminal charge, but

critical stage of the proceeding. In *Lafler* v. *Cooper*, U.S. , 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012), a plea agreement was rejected resulting in a sentence 3.5 times greater after trial than the defendant would have received under the plea. Citing *Frye*, the court noted the criminal justice system is, for the most part, a system of pleas, not a system of trials; it rejected the notion that a fair trial wipes clean any deficient performance by defense counsel during plea bargaining. Id., 1388. In *Lafler*, counsel had incorrectly advised the defendant about a legal rule. Id., 1384. In *Frye*, counsel's deficient performance caused the defendant prejudice because he had pleaded guilty to a felony rather than a misdemeanor. *Missouri* v. *Frye*, supra, 132 S. Ct. 1405.

In the case before us, the habeas court, based on its credibility finding, did not find any failure by Chong to communicate the eight year plea offer to the petitioner, nor did it find any mistaken advice as to any legal rule. Nor did it find that counsel's performance prejudiced the petitioner. We therefore conclude that the court's ruling was unaffected by *Frye* or *Lafler*.

it may be offered by the defendant to negate an element of the crime charged. D. Borden & L. Orland, 10 Connecticut Practice Series: Criminal Law (2d Ed. 2007) § 53a-7, p. 16. To commit the crime of robbery in the first or second degree in violation of General Statutes §§ 53a-134 and 53a-135, the defendant must, in the course of committing a larceny, intend to use force or threaten the use of force. We observe that the petitioner did not raise before the habeas court that any further investigation of the petitioner's drug issues was necessary nor has the petitioner provided this court with a record of what additionally should have been done.[2] We do not entertain claims not raised before the habeas court but raised for the first time on appeal. See *Copeland* v. *Warden*, 26 Conn. App. 10, 13–14, 596 A.2d 477 (1991), aff'd, 225 Conn. 46, 621 A.2d 1311 (1993). The habeas court rejected the petitioner's claim that Chong should have called Osborne to the stand to testify about the petitioner's past drug abuse. The habeas court specifically found that "[a]n issue has arisen at the habeas trial that the petitioner was intoxicated at the time of the robbery and the testimony of . . . Osborne was presented to support that argument. Notwithstanding, the petitioner did not tell . . . Chong that he was intoxicated nor did he mention this in his statement given to the police. Moreover, the petitioner was driving a motor vehicle both before and after the robbery. All of this goes to significantly reduce any possibility that intoxication could have been used as a means to show that the petitioner was incapable of forming the intent to commit robbery." Nothing in the record showed that Osborne's testimony, although evidence of the petitioner's drug dependency, would have established that the petitioner was intoxicated on the day of the robbery.

---

[2] The court found that the petitioner never told Chong that he was "intoxicated" by controlled or narcotic drugs at the time of the robbery, nor did he mention that he was intoxicated when he gave his statement to the police.

There is a difference between being a drug-dependent person and being so intoxicated as to be incapable of forming intent.

Furthermore, as to Chong's trial strategy concerning an intoxication defense, the habeas court specifically found that the petitioner's conduct during and after the robbery made unlikely the possibility that intoxication could have been used successfully to show that the petitioner was incapable of formulating intent to commit robbery. Additionally, the court found no prejudice to the petitioner by any of Chong's decisions in representing him at trial. The court specifically cited the petitioner's admission to the robbery, appearance on videotapes committing it and knowledge of the hiding place of the money.

The petitioner also alleges that the court abused its discretion in denying the petition for certification to appeal. Suffice to say, that after a careful review of the record and the court's findings, we conclude that the petitioner has failed in his burden to show that the issues are debatable among jurists of reason, or that the court could resolve the issues differently or that the legal issues he raises deserve encouragement to proceed further.

For all these reasons, the appeal is dismissed.

In this opinion the other judges concurred.