******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RODNEY HANKERSON *v.* COMMISSIONER
OF CORRECTION
(AC 34752)

Sheldon, Keller and Harper, Js.

*Argued January 21—officially released May 20, 2014*

(Appeal from Superior Court, judicial district of
Tolland, Cobb, J.)

*Jennifer Vickery*, assigned counsel, for the appellant (petitioner).

*Melissa L. Streeto*, senior assistant state's attorney, with whom, on the brief, were *Brian Preleski*, state's attorney, and *Erika L. Brookman*, assistant state's attorney, for the appellee (respondent).

*Opinion*

KELLER, J. The petitioner, Rodney Hankerson, appeals from the judgment of the habeas court denying his third amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion in denying his petition for certification to appeal and argues that the court improperly rejected his claim that his trial counsel had rendered ineffective assistance by failing to request an affirmative defense instruction in connection with a felony murder charge. The petitioner also claims that his right to due process of law was violated by an instructional error regarding proximate cause that had been waived by his trial counsel. We conclude that the court did not abuse its discretion in denying the petition for certification to appeal, and, accordingly, dismiss the petitioner's appeal.

The following facts and procedural history are relevant to our resolution of the petitioner's claims.[1] In 2007, following a trial by jury, the petitioner was convicted of felony murder in violation of General Statutes § 53a-54c,[2] robbery in the first degree in violation of General Statutes § 53a-134 (a) (1), and robbery in the first degree in violation of General Statutes § 53a-134 (a) (3). The trial court imposed a total effective sentence of sixty years incarceration. This court affirmed the judgment of conviction on direct appeal. *State* v. *Hankerson*, 118 Conn. App. 380, 381, 983 A.2d 898 (2009), cert. denied, 298 Conn. 932, 10 A.3d 518 (2010).

In the petitioner's direct appeal, the petitioner claimed that there was an instructional error, in that the court failed to explain the doctrine of proximate cause adequately in its jury instruction on the crime of felony murder. Id. Specifically, the petitioner argued that it was reasonably possible that the court's instruction "misled the jury with regard to the essential element that the victim's death was caused in the course of and *in furtherance of* the crime of robbery or flight therefrom. Essentially, the [petitioner] argue[d] that the court did not adequately explain in what manner the victim's death must be causally connected to his criminal activity." (Emphasis in original.) Id., 383. This court disagreed and rejected the petitioner's claim, brought under the doctrine set forth in *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), because the petitioner's trial counsel had acquiesced in the substance of the instruction that he was challenging on appeal. *State* v. *Hankerson*, supra, 118 Conn. App. 389. Specifically, this court noted that the trial court held a charge conference with the parties, on the record, in which it discussed its proposed charge, without objection from the petitioner's counsel. Id., 384, 388. Additionally, this court found that the petitioner's trial counsel had agreed to an identical supplemental instruction on the elements of felony murder, which was given in response to an inquiry by the jury. The

supplemental instruction was discussed with the parties before it was delivered to the jury. Id., 385–86. "After delivering this supplemental instruction, the court asked the [petitioner's] attorney if the defense took exception to the instruction. The [petitioner's] attorney replied: 'No, Your Honor.' " Id., 387. Accordingly, this court found that the petitioner's claim of instructional error had been waived. Id., 389.

On December 7, 2011, the petitioner filed his third amended petition for a writ of habeas corpus. Therein, he alleged that his trial counsel, Attorney Jeffrey Kestenband and Attorney William Paetzold, had rendered ineffective assistance in a number of ways, including by failing to request a jury instruction on the affirmative defense to the felony murder charge[3] and by failing to ensure that the jury instructions were "complete, accurate and appropriate."[4] He claimed that but for his trial counsel's ineffective assistance, he would have been acquitted of all charges.

On December 8, 2011, the habeas court, *Cobb, J.*, heard testimony from the petitioner, Kestenband, and the petitioner's appellate counsel on his direct appeal, Attorney Brendon P. Levesque.[5] In a memorandum of decision filed May 11, 2012, the court denied the amended petition. The court found that trial counsel's decisions had been strategic, "reasonable under the circumstances" and "consistent with the [petitioner's] theory of the case . . . ." It also found that the petitioner had failed to present sufficient evidence from which the court could conclude that the outcome of the trial would have been different but for trial counsel's conduct. The court subsequently denied the petition for certification to appeal. This appeal followed.

We begin by setting forth the applicable standard of review and procedural hurdles that the petitioner must surmount to obtain appellate review of the merits of a habeas court's denial of the habeas petition following denial of certification to appeal. "In *Simms* v. *Warden*, 229 Conn. 178, 187, 640 A.2d 601 (1994), [our Supreme Court] concluded that . . . [General Statutes] § 52-470 (b) prevents a reviewing court from hearing the merits of a habeas appeal following the denial of certification to appeal unless the petitioner establishes that the denial of certification constituted an abuse of discretion by the habeas court. In *Simms* v. *Warden*, 230 Conn. 608, 615–16, 646 A.2d 126 (1994), [the Supreme Court] incorporated the factors adopted by the United States Supreme Court in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), as the appropriate standard for determining whether the habeas court abused its discretion in denying certification to appeal. This standard requires the petitioner to demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to

deserve encouragement to proceed further. . . . A petitioner who establishes an abuse of discretion through one of the factors listed above must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Emphasis omitted; internal quotation marks omitted.) *Tutson* v. *Commissioner of Correction*, 144 Conn. App. 203, 214–15, 72 A.3d 1162, cert. denied, 310 Conn. 928, 78 A.3d 145 (2013).

"Furthermore, it is axiomatic that a petitioner is bound by his petition. . . . While the habeas court has considerable discretion to frame a remedy that is commensurate with the scope of the established constitutional violations . . . it does not have the discretion to look beyond the pleadings and trial evidence to decide claims not raised. . . . Having not raised [an] issue before the habeas court, [a] petitioner is barred from raising it on appeal. This court is not bound to consider claimed errors unless it appears on the record that the question was distinctly raised . . . and was ruled upon and decided by the court adversely to the [petitioner's] claim. . . . This court is not compelled to consider issues neither alleged in the habeas petition nor considered at the habeas proceeding . . . ." (Citation omitted; internal quotation marks omitted.) *Greene* v. *Commissioner of Correction*, 131 Conn. App. 820, 822, 29 A.3d 171 (2011), cert. denied, 303 Conn. 936, 36 A.3d 695 (2012).

"We examine the petitioner's underlying claim of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Mejia* v. *Commissioner of Correction*, 98 Conn. App. 180, 186, 908 A.2d 581 (2006), appeal dismissed after remand, 112 Conn. App. 137, 962 A.2d 148, cert. denied, 291 Conn. 910, 969 A.2d 171 (2009).

The petitioner's principal brief to this court did not address the threshold issue of whether the habeas court abused its discretion by denying his petition for certification to appeal. Therefore, prior to oral argument before this court, we ordered the petitioner to file a supplemental brief addressing that issue. The petition-

er's principal brief identified only two claims. The petitioner first claimed that his trial counsel rendered ineffective assistance by failing to request an affirmative defense instruction to the felony murder charge, and that their failure to make such a request was not a strategic decision, but an inadvertent result of not understanding the felony murder statute.

The petitioner's second claim is less clear. In his appellate brief, the petitioner frames his claim as follows: "Applying waiver to this case, involving juror solicited supplemental instructions on the difficult concept of proximate cause in felony murder, violates due process." In his supplemental brief, the petitioner reframes the issue as follows: "This case squarely presents the issue of whether the trial court's decisions about jury instructions are forever beyond the corrective reach of appellate review if [an ineffective] trial counsel fails to object." The petitioner essentially claims that we should reconsider the claim raised in his direct appeal—whether his trial counsel's conduct regarding the jury instructions constituted waiver—and that even if it did constitute waiver, we should not apply our established precedent regarding reviewability of waived jury instruction claims, under the specific circumstances of this case, because it denied the petitioner his right to due process of law. The petitioner's claims are without merit.

I

We first address the petitioner's claim that his right to due process of law was violated by an instructional error regarding proximate cause that had been waived by his trial counsel. The petitioner did not address this issue in his third amended petition for a writ of habeas corpus, during the habeas proceeding, or in his petition for certification to appeal.[6] It is well established that "[w]e do not entertain claims not raised before the habeas court but raised for the first time on appeal." *Bertotti* v. *Commissioner of Correction*, 136 Conn. App. 398, 404, 44 A.3d 892, cert. denied, 307 Conn. 901, 53 A.3d 217 (2012). "The purpose of the [petition] is to put the [respondent, the Commissioner of Correction] on notice of the claims made, to limit the issues to be decided, and to prevent surprise." (Internal quotation marks omitted.) *Holley* v. *Commissioner of Correction*, 62 Conn. App. 170, 181, 774 A.2d 148 (2001). The petitioner's third amended petition solely presents the claim of ineffective assistance of trial counsel. Nowhere in the petition does he allege that his trial counsel's conduct did not constitute a valid waiver, or that this court's finding that his counsel waived the instructional error violated his right to due process. Further, at no point during the habeas proceedings did the petitioner or the respondent elicit testimony concerning whether trial counsel had waived the challenged instructional error or whether that waiver violated the petitioner's right

to due process, and the habeas court made no such ruling. To review the petitioner's claims "now would amount to an ambuscade of the [habeas] judge." (Internal quotation marks omitted.) *Lewis* v. *Commissioner of Correction*, 117 Conn. App. 120, 126, 977 A.2d 772, cert. denied, 294 Conn. 904, 982 A.2d 647 (2009). Moreover, because the petitioner did not raise the issue related to the waived instructional error claim before the habeas court, either during the proceedings or in his petition for certification to appeal, the habeas court could not have, and did not, abuse its discretion in denying his petition for certification to appeal as it relates to this issue. Accordingly, that portion of the appeal must be dismissed.

II

We now address the petitioner's remaining claim that his trial counsel rendered ineffective assistance by failing to request a jury charge on the affirmative defense to felony murder. As noted, prior to oral argument before this court, we ordered the petitioner to file a supplemental brief addressing the threshold issue of whether the habeas court had abused its discretion by denying his petition for certification to appeal, with which the petitioner timely complied. When given the opportunity to address this threshold issue in his supplemental brief, however, the petitioner focused exclusively on his challenge to this court's finding of waiver. Simply put, the petitioner did not address how his claim of ineffective assistance for failure to request a charge on the affirmative defense to the felony murder charge—the only claim before us that was raised before the habeas court—satisfies the requirements of *Simms* v. *Warden*, supra, 230 Conn. 612. More particularly, he failed to argue why that claim presents a question that is deserving of encouragement to proceed further and is debatable among jurists of reason.

Because we have no basis for concluding that the habeas court abused its discretion in denying the petitioner's petition for certification to appeal from its denial of his claim of ineffective assistance based on trial counsel's failure to request a charge on the affirmative defense to felony murder, that portion of his appeal also must be dismissed.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] This court's opinion in the petitioner's direct appeal provides a full exposition of the facts that the jury reasonably could have found at trial. See *State* v. *Hankerson*, 118 Conn. App. 380, 983 A.2d 898 (2009), cert. denied, 298 Conn. 932, 10 A.3d 518 (2010).

[2] General Statutes § 53a-54c provides in relevant part: "A person is guilty of murder when, acting either alone or with one or more persons, he commits or attempts to commit robbery . . . and, in the course of and in furtherance of such crime or of flight therefrom, he, or another participant, if any, causes the death of a person other than one of the participants, except that in any prosecution under this section, in which the defendant was not the only participant in the underlying crime, it shall be an affirmative defense that the defendant: (1) Did not commit the homicidal act or in any way solicit,

request, command, importune, cause or aid the commission thereof; and (2) was not armed with a deadly weapon, or any dangerous instrument; and (3) had no reasonable ground to believe that any other participant was armed with such a weapon or instrument; and (4) had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury."

[3] See footnote 2 of this opinion.

[4] The third amended petition contained a number of additional allegations of ineffective assistance that the habeas court rejected. The petitioner's appeal, however, implicates only his claims regarding the affirmative defense and the alleged instructional error.

[5] The petitioner's other trial counsel, Paetzold, did not testify before the habeas court.

[6] The petitioner framed the issues as "whether the court correctly decided to deny the petitioner's habeas petition" and "any other issues found on appeal."

––––––––––––––––––––––––––––