******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# JOHN LENTI *v.* COMMISSIONER OF CORRECTION
## (AC 41647)

DiPentima, C. J., and Lavine and Eveleigh, Js.

*Syllabus*

The petitioner, who previously had pleaded guilty to burglary in the first degree and had admitted to five violations of probation as part of a plea agreement, filed an amended petition for a writ of habeas corpus, claiming, inter alia, that his guilty plea was not knowingly, intelligently and voluntarily given because the petitioner was under the influence of several heavy narcotics administered by Department of Correction personnel, rendering him unable to understand the plea agreement, and that his trial counsel was ineffective for failing to determine that the petitioner was so heavily medicated that he was unable to understand and voluntarily enter a guilty plea. The habeas court rendered judgment denying the habeas petition and, thereafter, denied the petition for certification to appeal, and the petitioner appealed to this court. Held:

1. This court declined to review the petitioner's claim that the habeas court erred in determining that his guilty plea was made knowingly, intelligently and voluntarily because the petitioner failed to address the threshold issue of whether the habeas court abused its discretion in denying his petition for certification to appeal on this issue and addressed only the habeas court's purported error in concluding that his due process rights had not been violated; generally, a petitioner is not afforded appellate review of the habeas court's decision if he has failed to establish that the habeas court abused its discretion in denying the petition for certification.

2. The habeas court did not abuse its discretion in denying the petition for certification to appeal regarding the petitioner's ineffective assistance of counsel claim: although the habeas court did not make an explicit finding regarding the petitioner's claim of ineffective assistance of counsel, in light of the findings supported by the record, including findings that the petitioner was not impaired by the prescribed medications to the extent that he could not understand the proceedings or the terms of the plea agreement, that his decision to accept that offer was made cogently and voluntarily, that the petitioner responded appropriately to the trial court's questions during the plea canvass, and its determination that the petitioner's testimony was not credible, the habeas court did not err in concluding that the petitioner was not impaired by his prescribed medications to the extent that he could not understand the plea agreement and the plea proceedings; accordingly, the petitioner's ineffective assistance of counsel claim must fail.

Argued October 24, 2019—officially released February 4, 2020

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Sferrazza, J.*; judgment denying the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Douglas H. Butler*, assigned counsel, for the appellant (petitioner).

*Nancy L. Chupak*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Tamara Grosso*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

DiPENTIMA, C. J. The petitioner, John Lenti, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court (1) improperly concluded that he had failed to establish that his plea was not made knowingly, intelligently, and voluntarily, and (2) abused its discretion in denying his petition for certification to appeal from the court's determination that he had received the effective assistance of counsel. Both of these claims rest on the petitioner's assertion that he was impaired at the time of his plea by the ingestion of medications prescribed by Department of Correction personnel. We disagree with this assertion and the petitioner's claims and, accordingly, dismiss the appeal.

The habeas court's memorandum of decision sets forth the following relevant facts and procedural history: "On August 12, 2013, the petitioner was on probation for five burglary offenses for which he had received a total, effective sentence of twenty years imprisonment, execution suspended after the service of two years, and five years of probation. On that day, the police arrested the petitioner for having unlawfully entered an elderly woman's home by damaging a garage door; displayed a handgun upon encountering the woman; and demanded that she give him money and her car keys or he would shoot her. The woman refused to comply, and the petitioner stole her cordless phone, as he fled the scene on foot.

"When the police apprehended him a short while later, the police retrieved a pellet gun nearby. The petitioner confessed to breaking into the victim's home while armed with the pellet gun. The petitioner faced charges of home invasion, attempted robbery first degree, and numerous misdemeanors." As a result of this arrest, the petitioner also was charged with five counts of violation of probation in relation to the five prior burglary convictions for which he was then on probation. The petitioner owed a total of eighteen years for those convictions.

In exchange for pleading guilty to burglary in the first degree and admitting to five violations of probation, the state offered to recommend to the court a sentence of between ten and eighteen years of imprisonment. On March 27, 2014, the petitioner pleaded guilty in accordance with the state's offer. The petitioner responded appropriately to the court's canvass. Prior to sentencing, trial counsel asked Kenneth Selig, a board certified forensic psychologist, to analyze and assess the petitioner's mental status. On June 19, 2014, the court sentenced the petitioner to sixteen years of imprisonment followed by two years of special parole.

The petitioner did not file a direct appeal.

On December 24, 2014, the petitioner commenced the present habeas action. On May 30, 2017, the petitioner filed an amended petition seeking to have his guilty pleas vacated. In his amended petition, the petitioner alleged that: (1) his guilty plea was not knowingly, intelligently, or voluntarily given because the petitioner was under the influence of heavy narcotics administered by Department of Correction personnel, rendering him unable to understand the plea agreement, and (2) his trial counsel was ineffective for failing to determine that the petitioner was so heavily medicated that he was unable to knowingly and voluntarily enter a plea. The respondent, the Commissioner of Correction, filed a return, alleging that the petitioner's due process claim was procedurally defaulted.[1] The habeas court conducted a trial on November 21, 2017, during which the petitioner, trial counsel and Robert H. Powers, a forensic toxicologist, testified. No witnesses were called by the respondent.

On April 13, 2018, the habeas court issued a memorandum of decision denying the petition for a writ of habeas corpus. The habeas court found that the petitioner failed to prove that his prescribed medications diminished his ability to understand the plea agreement or the proceedings. Further, the court found that, at the time he pleaded guilty, the petitioner understood the terms of the agreement and that his decision to plead was knowing and voluntary.

Thereafter, the petitioner filed a petition for certification to appeal, which the habeas court denied. The petitioner subsequently appealed, claiming that the habeas court had abused its discretion in denying his request for certification to appeal, solely with respect to the ineffective assistance of counsel claim.

We begin by setting forth the applicable standard of review. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, [the petitioner] must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits." (Internal quotation marks omitted.) *Sanders* v. *Commissioner of Correction*, 169 Conn. App. 813, 821, 153 A.3d 8 (2016), cert. denied, 325 Conn. 904, 156 A.3d 536 (2017). As to the first prong, the "standard requires the petitioner to demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions

are adequate to deserve encouragement to proceed further. . . . In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Emphasis omitted; internal quotation marks omitted.) *Grover* v. *Commissioner of Correction*, 183 Conn. App. 804, 812, 194 A.3d 316, cert. denied, 330 Conn. 933, 194 A.3d 1196 (2018).

On appeal, the petitioner claims that the habeas court erred in determining that his guilty plea was made knowingly, intelligently, and voluntarily.[2] The petitioner fails to address the threshold issue of whether the habeas court abused its discretion in denying the petition for certification to appeal on this issue but only addresses the habeas court's purported error in concluding that his due process rights had not been violated. See *Sanders* v. *Commissioner of Correction*, supra, 169 Conn. App. 821. Generally, a petitioner is not afforded appellate review of the habeas court's decision if he has failed to establish that the habeas court abused its discretion in denying the petition for certification. See *Reddick* v. *Commissioner of Correction*, 51 Conn. App. 474, 477, 722 A.2d 286 (1999).

"In *Petaway* v. *Commissioner of Correction*, 49 Conn. App. 75, 77–78, 712 A.2d 992 (1998), and, subsequently, in *Reddick* v. *Commissioner of Correction*, supra, 51 Conn. App. 477, this court refused to review the petitioners' ineffective assistance of counsel claims. In each of those cases, the petitioner raised the claim of ineffective assistance of counsel but failed to brief the threshold issue . . . of how the court had abused its discretion in failing to grant certification to appeal as to that underlying claim." *Mitchell* v. *Commissioner of Correction*, 68 Conn. App. 1, 7–8, 790 A.2d 463, cert. denied, 260 Conn. 903, 793 A.2d 1089 (2002). Accordingly, we do not review the petitioner's first claim.

In addressing the petitioner's claim of ineffective assistance, we first note that it is well established that "[t]he habeas court is afforded broad discretion in making its factual findings, and those findings will not be disturbed [on appeal] unless they are clearly erroneous. . . . Thus, [t]his court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Orcutt* v. *Commissioner of Correction*, 284 Conn. 724, 741, 937 A.2d 656 (2007).

The habeas court found that "the petitioner has failed

to prove, by a preponderance of the evidence, that the prescribed drugs used by the petitioner in the days preceding his decision to plea[d] guilty, during the taking of his pleas, and between plea and sentencing impaired his ability to comprehend the information and advice given to him by defense counsel, the plea canvass conducted by the trial judge, or the interviews conducted between plea and sentencing." The court further found that "the petitioner understood the legal situation in which he was enmeshed, the terms of the plea agreement, and that his decision to accept that offer was made cogently and voluntarily."

During his habeas trial, the petitioner testified that he did not remember being sentenced and would never have pleaded guilty had it not been for his overmedicated state. The habeas court found the petitioner's testimony not to be credible, specifically stating that his testimony was "inaccurate, self-serving, and contradicted by other, more credible evidence." As stated previously, we do not disturb the court's credibility determination on appeal. See *Orcutt* v. *Commissioner of Correction*, supra, 284 Conn. 741.

The habeas court noted that, although trial counsel testified that the petitioner complained that the medication he was taking had "unpleasant side effects" and that he wanted to discontinue that course of treatment, trial counsel also stated that the medication seemed to have no "detrimental influence on the petitioner's comprehension or judgment." Further, between plea and sentencing, Selig examined the petitioner over multiple sessions and produced a report[3] for the sentencing court that did not contain any complaints from the petitioner about his ability to make a knowing decision to plead guilty due to the medications. In his report, as the habeas court notes, Selig determined that the "combination of [medications] has been very helpful for [the petitioner] as has abstaining from addictive drugs." (Internal quotation marks omitted.) The habeas court also found that the petitioner responded appropriately to all of the court's questions during the plea canvass, including direct questions about whether the petitioner had taken any medications that affected his ability to understand the court.[4] Thus, the habeas court's finding that the petitioner was not negatively affected by his medications is not clearly erroneous.

Although the habeas court did not make an explicit finding regarding his claim of ineffective assistance of counsel, it did find that the petitioner was not impaired by the prescribed medications to the extent that he could not understand the proceedings or that "his ability to comprehend the information and advice given to him by defense counsel" was impaired at the time he pleaded guilty. In light of the findings supported by the record, and the habeas court's credibility determinations, we do not disturb its implicit finding that trial

counsel was not ineffective for failing to determine that the petitioner was impaired. Because the habeas court did not err in concluding that the petitioner was not impaired by his prescribed medications to the extent that he could not understand the plea agreement and the plea proceedings, the ineffective assistance of counsel claim must fail. Therefore, we conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] The habeas court did not rule on the respondent's defense of procedural default.

[2] On appeal, the petitioner also claims that the habeas court erred in finding that he had failed to establish that his due process rights were violated when he involuntarily pleaded guilty because he was incompetent at the time he pleaded due to his "pervasive, persistent and debilitating" mental health issues. We do not consider this claim as it was not raised in the petitioner's operative petition for a writ of habeas corpus. See *Greene* v. *Commissioner of Correction*, 131 Conn. App. 820, 822, 29 A.3d 171 (2011) ("[h]aving not raised this issue before the habeas court, the petitioner is barred from raising it on appeal"), cert. denied, 303 Conn. 936, 36 A.3d 695 (2012).

[3] The petitioner's presentence investigation report and Selig's report were admitted into evidence under seal at the habeas trial.

[4] During the sentencing, the petitioner spoke on his own behalf and stated to the court, "I'm on the right medication now; I've been doing great."